**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE CORMEDIX INC. DERIVATIVE LITIGATION | Civil Action No. <br><br> 21-18493 (JXN) (LDW) <br><br> **MEMORANDUM OPINION AND ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is non-party Robert Jhoe's Motion to Intervene and Stay this Derivative Action.  (ECF 30, 33, 39).  Plaintiffs Melissa Voter, Isaac Desalvo, and Rose Scullion oppose the motion.  (ECF 35).  Defendants CorMedix Inc., Paulo F. Costa, Janet D. Dillione, Greg Duncan, Alan W. Dunton, Myron Kaplan, Stephen Lefkowitz, Khoso Baluch, Robert Cook, Matthew David, Phoebe Mounts, and Joseph Todisco join in plaintiffs' opposition.  (ECF 36).  This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' and proposed intervenor's written submissions, the Motion to Intervene is **DENIED**.

## I.      BACKGROUND

On October 13, 2021, plaintiff Melissa Voter filed a verified shareholder derivative complaint in this Court on behalf of nominal defendant CorMedix Inc. asserting claims for breach of fiduciary duties, abuse of control, and waste of corporate assets against the officers and directors of CorMedix.  (*Voter v. Baluch, et al.*, Civ. A. No. 21-18493 (JXN) (LDW), Complaint, ECF 1). The complaint also asserted claims against the CEO, CFO, and General Counsel of CorMedix for contribution pursuant to Sections 10(b) and 21D of the Securities Exchange Act of 1934.  Plaintiff Voter generally alleged that the company made false or misleading public statements and failed to

disclose certain manufacturing deficiencies that delayed FDA approval of its New Drug Application for DefenCath, an antimicrobial catheter lock solution intended to prevent catheter-related infections.

On January 13, 2023, plaintiff Issac Desalvo filed a verified stockholder derivative complaint in this Court on behalf of CorMedix Inc. asserting similar claims for breach of fiduciary duties and unjust enrichment against the company's officers and directors. (*Desalvo v. Costa, et al.*, Civ. A. No. 23-150 (JXN) (LDW), Complaint, ECF 1). On January 25, 2023, plaintiff Rose Scullion filed a verified shareholder derivative complaint in this Court on behalf of CorMedix Inc. also asserting a claim for breach of fiduciary duties against the officers and directors of CorMedix relating to FDA approval of DefenCath. (*Scullion v. Baluch, et al.*, Civ. A. No. 23-406 (JXN) (LDW), Complaint, ECF 1). By Stipulation and Order dated April 18, 2023, the Honorable Julien Xavier Neals, U.S.D.J. consolidated the *Voter*, *Desalvo*, and *Scullion* actions into *In re CorMedix Inc. Derivative Litigation*, Civ. A. No. 21-18493 (JXN) (LDW) and stayed the consolidated derivative action pending the outcome of a motion to dismiss the related securities fraud class action, *In re CorMedix Inc. Securities Litigation*, Civ. A. No. 21-14020 (JXN) (CF). (ECF 20). The District Court denied the motion to dismiss the securities fraud action, and on November 10, 2025, plaintiffs filed an amended consolidated shareholder derivative complaint asserting claims for breach of fiduciary duty and unjust enrichment against the officers and directors of CorMedix. (ECF 27).

On November 24, 2025, Robert Jhoe filed a verified stockholder derivative complaint on behalf of CorMedix in Delaware Chancery Court. (*Jhoe v. Todisco, et al.*, Civ. A. No. 2025-1367-PAF). Like the *Voter*, *Desalvo*, and *Scullion* plaintiffs, Jhoe asserts claims against the company's officers and directors for breach of fiduciary duty, aiding and abetting breach of fiduciary duty,

2

unjust enrichment, and waste of corporate assets premised on alleged false or misleading statements or failure to disclose information relating to DefenCath manufacturing deficiencies. (*Jhoe* Complaint, ECF 30-2).  On December 18, 2025, Jhoe filed the instant motion to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, or alternatively, for permissive intervention pursuant to Rule 24(b).  (ECF 30).  Jhoe seeks to intervene for the purpose of obtaining a stay of this case in favor of the derivative action he filed in Delaware Chancery Court.  Jhoe contends that the Delaware Chancery derivative action is "objectively stronger" than this consolidated action because he served an inspection demand on CorMedix pursuant to 8 Del. C. § 220 ("Section 220") in August 2025 and obtained certain corporate books and records from the company prior to filing suit.  Six days after Jhoe moved to intervene and stay, the parties in this action notified the Court that "they have executed a binding term sheet reflecting the principal terms of settlement of this action."  (ECF 32).

## II.    DISCUSSION

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, a non-party may intervene as of right if he or she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Intervention as of right is permissible only if: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."  *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quotation omitted).  "Each of these requirements must be met to intervene as of right."  *Id.*

3

Alternatively, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention "is within the discretion of the district court." *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### A.      Intervention as of Right

### 1.      Timeliness

"Timeliness of an intervention request 'is determined by the totality of the circumstances.' Among the factors to be considered are: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994)). The first factor can encompass both the length of time the proposed intervenor waited to protect its rights via intervention, *Alcan*, 25 F.3d at 1183, and "what proceedings of substance on the merits have occurred," an inquiry that is "inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved." *Mountain Top*, 72 F.3d at 369, 370.

Like plaintiff Voter, Jhoe's Delaware Chancery complaint alleges that a March 1, 2021 press release announcing CorMedix's receipt of a complete response letter from the FDA "was the first time CorMedix alerted investors to any potential issues with its NDA." (Del. Ch. Compl. ¶ 9). Voter filed the first shareholder derivative complaint seven months later on October 13, 2021. Jhoe, on the other hand, waited nearly four years after the *Voter* derivative action was initiated and more than two years after the *Desalvo* and *Scullion* derivative actions were filed and consolidated

4

with *Voter* to even pursue a books and records demand on CorMedix, much less file his own lawsuit derivatively on behalf of the company. All told, Jhoe's bid to intervene comes more than four years after this action was initiated, right as the parties were finalizing a settlement in principle. There is nothing in the record to suggest that Jhoe only recently became aware of the need to protect the interests of CorMedix and its shareholders via intervention – indeed, he has not offered any explanation for the delay in seeking intervention at all.

Jhoe attempts to salvage his position by pointing out that this action has been stayed since January 2022 and no formal discovery or motion practice has taken place. While that is correct, it does not – as he contends – mean the consolidated derivative action is "indisputably in its infancy." (Reply Br. at 4, ECF 39). By virtue of a January 21, 2022 stipulation, defendants agreed to produce to plaintiffs the same documents Jhoe received in response to his Section 220 demand for an inspection of the company's books and records. (ECF 8). The parties also had the benefit of the District Court's decision on the motion to dismiss the related securities fraud class action. With that information in hand, the parties then engaged in settlement negotiations and executed a binding term sheet. Allowing Jhoe to intervene after a settlement in principle has been inked would unduly prejudice all of the parties to this action, particularly as his express goal is to scuttle the settlement and stay this action while he prosecutes his own case in Delaware Chancery Court. *See Choike v. Slippery Rock Univ. of Pennsylvania of State Sys. of Higher Educ.*, 297 F. App'x 138, 141 (3d Cir. 2008) (affirming denial of motion to intervention as untimely where "the parties had reached a tentative settlement, which had been submitted to the District Court for preliminary approval at the time SSRW sought intervention"); *Allied World Specialty Ins. Co. v. Indep. Blue Cross*, 17-cv-1463 (JRS), 2019 WL 6327109, at *2 (E.D. Pa. Nov. 26, 2019) (denying motion to intervene filed after parties reached settlement in principle because "allowing Atlantic to intervene

5

at this stage would prejudice Allied and Independence by derailing their settlement agreement"). *See also Hugo ex rel. BankAtlantic Bancorp, Inc. v. Levan*, 08-cv-61018, 2009 WL 10668490, at *2 (S.D. Fla. Sept. 2, 2009) (denying motion to intervene where proposed intervenor decided "to wait and see what would happen in the Federal Action, sat on the sidelines for nearly nine months, and only chose to get involved in the Federal Action when he disagreed with the direction the Federal Action was taking" and noting that "Feldman's intervention would jeopardize that settlement and cause undue delay for the limited purpose of staying the case while he prosecutes his State Action").

Plaintiffs aptly characterize Jhoe's motion to intervene as an "eleventh-hour attempt to usurp the derivative claims after sitting on the sidelines and doing nothing for more than four years." (Opp Br. at 1, ECF 35). The Court agrees, and under these circumstances cannot find that the motion to intervene is timely.

### 2.    Representation of Interests

With respect to the remaining Rule 24(a) requirements, the Court assumes for purposes of this motion that Jhoe, as a CorMedix shareholder, has an interest in protecting the company from breaches of fiduciary duty or corporate waste by the officers and directors. Jhoe argues that the disposition of this consolidated derivative action would impair his interest by "releas[ing] his claims in a hastily accepted and premature settlement." (Reply Br. at 6). This argument misapprehends both the nature of the interests at stake in derivative litigation and the purpose of intervention. The claims Jhoe asserted in Delaware Chancery Court are not "his" personal claims. "Shareholder-plaintiffs are asserting a corporation's right to seek redress for a harm to the corporation, and any recovery in a derivative action belongs only to the corporation." *Tansey v. Rogers*, 12-cv-1049 (RGA), 2016 WL 3519887, at *2 (D. Del. June 27, 2016). "Because a

6

derivative claim does not belong personally to the shareholder-plaintiff," the proposed intervenor and existing derivative plaintiffs "have, by definition, the same interest" in seeking to remedy harm to the company. *Id.* at *2, *3. As one Court has explained, intervention as right is

> not for the purpose of permitting that party to litigate its claim, but rather for the purpose of making certain that the intervenor's interests are protected. The true party in interest in a derivative action such as this one is the corporation; therefore, denying intervention in this action will not impair the protection of that interest if the three plaintiffs who have brought this action derivatively on behalf of [the corporation] can represent that interest adequately.

*In re Ambac Fin. Grp., Inc., Derivative Litig.*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009) (citation omitted).

The issue before the Court, therefore, is whether plaintiffs Voter, Desalvo, and Scullion can adequately represent the interests of CorMedix absent Jhoe's intervention. In this Circuit, "'[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented . . . .' To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *In re Cmty. Bank*, 418 F.3d at 315 (quoting *Virgina v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)).

Jhoe contends that the operative complaint in the consolidated derivative action is "not as comprehensive or strong" as the Delaware Chancery Court complaint because it asserts two causes of action, whereas his derivative complaint asserts four, and it does not incorporate the information Jhoe received in response to his Section 220 books and records inspection demand. Jhoe faults the existing plaintiffs for conducting a purportedly inadequate pre-suit investigation and for rushing to settle the consolidated derivative action before there has been discovery and/or a settlement in the related securities fraud class action. In other words, Jhoe believes that the existing

7

plaintiffs are inadequate representatives for CorMedix and its shareholders because he disagrees with their litigation strategy.

These types of strategic disagreements are insufficient to rebut the presumption that the existing derivative plaintiffs are adequate representatives.  *See Tansey*, 2016 WL 3519887, at \*3 (denying motion to intervene where "[proposed intervenor] essentially has a disagreement with the parties as to litigation strategy, which is not a sufficient basis to find that Plaintiffs do not adequately represent the corporation's interest in the litigation"). *See also In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019) (denying motion to intervene in derivative action premised on proposed intervenor's argument that "because he has made a demand for books and records pursuant to Title 8, Section 220 of the Delaware General Corporation Law, [proposed intervenor] will be able to file a 'more fulsome pleading' than Plaintiffs"); *In re Am. Cap. Agency Corp. S'holder Derivative Litig.*, 16-cv-3215 (TDC), 2017 WL 3311209, at \*4 (D. Md. Aug. 2, 2017) (denying motion to intervene in derivative action premised on proposed intervenor's criticism of "Plaintiffs' failure to pursue a Section 220 demand" because "disagreements over litigation strategy do not demonstrate that Plaintiffs' representation of H&N's interests is inadequate" ); *Hugo*, 2009 WL 10668490, at \*2 (rejecting proposed intervenor's contention that nominal defendant's "interests have not been adequately represented because the Federal Action Plaintiff took only deposition testimony before settling" derivative action); *In re Ambac*, 257 F.R.D. at 394 ("The mere fact that plaintiffs also assert additional and different claims from those asserted by the Proposed Intervenors does not render the former inadequate to represent the interests of the latter, particularly where, as here, the suit is brought derivatively on behalf of the corporation.").

8

At bottom, Jhoe disapproves of the plaintiffs' decision to settle this derivative action. Despite his non-party status, Jhoe and his counsel apparently attended mediation with the parties on November 18, 2025, but they walked out and proceeded to file a separate lawsuit in Delaware Chancery Court. He seeks to intervene in order to stay this action in the hopes of obtaining a different outcome elsewhere. All parties acknowledge that Jhoe retains the right to object to the proposed settlement – if it is preliminarily approved – as a shareholder of CorMedix without formal intervention. He does not, however, have the right to intervene under Rule 24(a).

### B.        Permissive Intervention

For substantially the same reasons, the Court declines to exercise its discretion to permit intervention under Rule 24(b). As discussed above, the motion to intervene is untimely, Jhoe's intervention at this stage of the proceedings would unduly delay resolution of the case and prejudice the parties, intervention is unnecessary because the existing plaintiffs adequately represent the interests of CorMedix, and Jhoe need not intervene in order to object to the proposed settlement. *See Tansey*, 2016 WL 3519887, at *3 (denying permissive intervention in derivative action "so that [proposed intervenor] may pursue a stay of the Federal Derivative Action").

### III.        CONCLUSION

For the foregoing reasons, the Motion to Intervene (ECF 30) is **DENIED**. It is **SO ORDERED**.

Dated:  March 20, 2026

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig:   Clerk
cc:      Hon. Julien Xavier Neals, U.S.D.J.

9